

**ORDERED in the Southern District of Florida on April 3, 2024.**

Corali Lopez-Castro, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Case No.: 21-11554-CLC |
| WASHIM SHOMAR, | Chapter 7 |
|     Debtor. | |
| _____ | |
| SONEET R. KAPILA, TRUSTEE IN BANKRUPTCY FOR WASIM SHOMAR, | |
|     Plaintiff. | |
| vs. | |
| RANIA YOUSEF AND SABAH BARAKAT | Adv.Proc.No.: 23-01030-CLC |
| AKA SABAH BAKARAT, | |
|     Defendants. | |
| _____/ | |

**AGREED ORDER GRANTING PLAINTIFF/TRUSTEE'S AMENDED THIRD AGREED EX PARTE MOTION TO CONTINUE PRETRIAL CONFERENCE AND TO EXTEND CERTAIN RELATED DEADLINES IN ACCORDANCE WITH CONTINUED PRETRIAL CONFERENCE DATE**

This matter came before the Court pursuant to Plaintiff/Trustee's Amended Third Agreed Ex Parte Motion to Continue Pretrial Conference and to Extend Certain Related Deadlines in Accordance with Continued Pretrial Conference Date (the "Motion") [ECF No. 126]. The Court having reviewed the record, having found good cause to continue the Pretrial Conference and to extend certain deadlines in accordance with the continued Pretrial Conference Date, and having been fully advised in the premises, hereby:

ORDERS AND ADJUDGES as follows:

1. **ATTENDANCE AT PRETRIAL CONFERENCE**. Unless judgment has been entered or the Court advises the parties that the pretrial conference has been continued or canceled, counsel for all parties (or the parties themselves, if unrepresented) must appear at the pretrial conference.

2. **CONTINUED PRETRIAL CONFERENCE DATE AND TRIAL DATE:** The Court shall conduct the **Continued Pretrial Conference on July 25, 2024 at 1:30 p.m**., at the **U.S. Bankruptcy Court, C. Clyde Atkins United States Courthouse, 301 N. Miami Avenue, Miami, FL 33128, Courtroom No. 7**.

3. **CONTINUANCES**. Continuances of the pretrial conference or trial or any deadlines set forth in this order must be requested by written motion. Any request for continuance or amendment to this order must set forth the status of discovery, including exchange of disclosures required under this order, must state the reasons why the party or parties seek a continuance, and must state whether the client and other parties consent to a continuance. The stipulation of all parties is not sufficient grounds, standing alone, for a continuance.

4. **DEADLINES TO JOIN ADDITIONAL PARTIES AND TO MOVE TO AMEND PLEADINGS.** Unless otherwise ordered by the Court, the deadlines to join additional parties and to file motions to amend the pleadings are 14 days before the pretrial conference.

5. **DEADLINES FOR DISPOSITIVE AND OTHER PRETRIAL MOTIONS**. The deadlines for filing motions for judgment on the pleadings, motions for summary judgment, motions in *limine*, and Fed. R. Evid. 702 motions must be made not later than **July 11, 2024**. Absent good cause, failure to file and serve such a motion in a timely manner constitutes waiver of the right to do so. All dispositive motions, responses, and replies must comply with the page limits set forth in the Order Setting Scheduling Conference and Establishing Procedures and Deadlines. Any motion for summary judgment must also comply with paragraph 8 of the Order Setting Scheduling Conference and Establishing

    Procedures and Deadlines – including the requirement to file a separate Statement of Material Facts and Local Rule 7056−1, if applicable.

6. **DISCLOSURES**. The disclosures required by Fed. R. Civ. P. Rules 26(a)(1), 26(a)(2), and 26(a)(3)(A) must be made by the following deadlines:

    a. The initial disclosures required by Fed. R. Civ. P. 26(a)(1), were previously submitted by the parties, prior to the filing of the Plaintiff/Trustee's Third Agreed Ex Parte Motion to Continue Pretrial Conference and to Extend Certain Related Deadlines in Accordance with Continued Pretrial Conference Date [ECF No. 124] and the parties are in compliance with the Federal Rules of Civil Procedure for initial disclosures.

    b. The disclosures of expert testimony under Fed. R. Civ. P. 26(a)(2), must be made no later than **May 24, 2024** or (ii) within **14 days**\* after an opposing party's disclosure of evidence that gives rise to the need for the expert, whichever is later. The party disclosing an expert witness must, within **14 days**\* of the disclosure, provide to each opposing party a written report prepared and signed by the witness as required by Fed. R. Civ. P. 26(a)(2)(B).

    c. The pretrial disclosures under Fed. R. Civ. P. 26(a)(3)(A), must be made no later than **July 24, 2024.**

    d. All disclosures under Fed. R. Civ. P. 26(a)(1), 26(a)(2), and 26(a)(3)(A), must be made in writing, signed, served, and, except for copies of exhibits and expert witness reports, filed with the Court.

7. **SUMMARIES TO PROVE CONTENT**. If any party intends to offer in evidence at trial a summary, chart or calculation to prove content as permitted by Fed. R. Evid. 1006, that party must provide to the other parties a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties, as soon as practicable but in no event later than **July 18, 2024**.

8. **DISCOVERY**. The parties must complete discovery not later than **June 25, 2024**, before the pretrial conference, except that any previously scheduled depositions may be completed up to one business day before the pretrial conference. The Court will allow discovery after the pretrial conference only upon a showing of good cause.

9. **JOINT PRETRIAL STIPULATION WHERE ALL PARTIES REPRESENTED BY COUNSEL**. If <u>any</u> party is not represented by counsel in this proceeding as of the date of entry of this Order, this paragraph will not apply. All parties to this proceeding must meet (in person, if geographically feasible, and otherwise by video conference or by telephone) not later than **July 11, 2024,** before the pretrial conference to confer on the preparation of a Joint Pretrial Stipulation in substantially the form of Local Form 63C. The plaintiff must file the fully executed Joint Pretrial Stipulation no later than **July 24, 2024.** The Court will not accept unilateral statements and will strike sua sponte any such submissions. Should

any of the parties fail to cooperate in the preparation of the Joint Pretrial Stipulation, any other party may file a motion requesting an order to show cause why such party or parties (and/or their counsel) should not be held in contempt and sanctioned for failure to comply with this order.

10. **SUBMISSION AND EXCHANGE OF EXHIBITS**.

    a. All parties must comply with the requirements regarding exhibits set forth in Local Rule 9070-1. Exhibits must be exchanged and submitted via CM/ECF no later than **4:00 p.m.** on **July 19, 2024**.

    b. **OBJECTIONS TO EXHIBITS.** Any objection to the admissibility of any proposed exhibit must be filed and served, so as to be received no later than **4:00 p.m. two business days, July 23, 2024,** before the scheduled trial or evidentiary hearing. All objections must: (i) identify the exhibit, (ii) state the grounds for the objection, and (iii) provide citations to case law and other authority in support of the objection. An objection not so made − except for one under Federal Rule of Evidence 402 or 403 − is waived unless excused by the Court for good cause.

11. **PRESENTATION OF EXHIBITS DURING TRIAL.** The parties are strongly encouraged to use the Court's information technology equipment to show exhibits at trial. The parties are further encouraged to contact the courtroom deputy in advance of the trial for access to the equipment to ensure counsel can properly use the equipment at trial. Unless otherwise ordered, each party must bring at least one paper copy of its exhibit register for the Court's use, and at least two hard-copy books of all its exhibits, for witnesses and the Court.

12. **FINAL ARGUMENT**. At the conclusion of the trial, in lieu of final argument, the Court may request that each party file with the Court (a) a written closing statement with supporting legal argument or (b) a proposed memorandum opinion with findings of fact and conclusions of law with a separate proposed final judgment. Each submission must contain individually numbered paragraphs and follow the formatting requirements set forth in Part Two of the Court's Guidelines for Preparing, Submitting, and Serving Orders. Each proposed finding of fact must be supported by a citation to the record, or it will be disregarded. Each proposed conclusion of law must be supported by a citation to applicable law, or it will be disregarded. Absent prior permission of the Court, submissions may not exceed a total of **twenty pages**. If specifically requested, the Court may *also* direct the parties to submit a copy of the proposed memorandum opinion with findings of fact and conclusions of law, along with a copy of the separate proposed final judgment, in word processing format to an electronic mailbox designated by the Court. The filer must include in the "subject" line of the email the case name and number and the date of the relevant hearing.

13. **FAILURE TO ATTEND PRETRIAL CONFERENCE; SANCTIONS**. Failure to comply with any provision of this order or failure to appear at the pretrial conference may

result in appropriate sanctions, including the award of attorney's fees, striking of pleadings, dismissal of the action, or entry of default judgment.

14. **SERVICE**. Plaintiff's counsel must serve a copy of this Order on the defendant(s) and file an appropriate certificate of service in accordance with Local Rule 5005-1(G)(2).

# # #

**Submitted by:**
Michael R. Bakst, Esq.
Greenspoon Marder LLP
Attorney for Trustee
525 Okeechobee Blvd., Suite 900
West Palm Beach FL 33401
Telephone: (561) 838-4523
michael.bakst@gmlaw.com

**[Michael R. Bakst, Esq. shall furnish a copy of this order to the parties on record and shall file a certificate of service with the Court]**


57217629
29684-0049/df